

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREEPORT-McMORAN SULPHUR, LLC** | CIVIL ACTION |
| **VERSUS** | NO.: 03-1496 |
| **MIKE MULLEN ENERGY EQUIPMENT RESOURCE, INC. AND OFFSHORE SPECIALTY FABRICATORS, INC.** | JUDGE: A<br>MAGISTRATE: 4 |

## ANSWER OF OFFSHORE SPECIALTY FABRICATORS, INC.

**NOW INTO COURT**, through undersigned counsel, comes defendant, Offshore Specialty Fabricators, Inc. (hereinafter "Offshore"), and in answer to the Complaint of Freeport-McMoRan Sulphur, LLC avers as follows:

### FIRST DEFENSE

Answering separately the allegations of the complaint, Offshore avers as follows:

1.

Offshore denies the allegations of Paragraph 1 of the Complaint for lack of sufficient information to justify a belief therein.



2.

Offshore denies the allegations of Paragraph 2 of the Complaint for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Complaint are admitted.

4.

The allegations contained in Paragraph 4 of the Complaint are admitted.

5.

The allegations contained in Paragraph 5 of the Complaint are admitted.

6.

Offshore denies the allegations of Paragraph 6 of the Complaint for lack of sufficient information to justify a belief therein.

7.

Offshore denies the allegations of Paragraph 7 of the Complaint for lack of sufficient information to justify a belief therein.

8.

Offshore denies the allegations of Paragraph 8 of the Complaint for lack of sufficient information to justify a belief therein.

9.

Offshore denies the allegations of Paragraph 9 of the Complaint for lack of sufficient information to justify a belief therein.

10.

10.

Offshore denies the allegations of Paragraph 10 of the Complaint for lack of sufficient information to justify a belief therein.

11.

Offshore denies the allegations of Paragraph 11 of the Complaint for lack of sufficient information to justify a belief therein.

12.

Offshore denies the allegations of Paragraph 12 of the Complaint for lack of sufficient information to justify a belief therein.

13.

Offshore denies the allegations of Paragraph 13 of the Complaint for lack of sufficient information to justify a belief therein.

14.

Offshore denies the allegations of Paragraph 14 of the Complaint for lack of sufficient information to justify a belief therein.

15.

Offshore denies the allegations of Paragraph 15 of the Complaint for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of the Complaint are admitted.

17.

Offshore denies the allegations of Paragraph 17 of the Complaint for lack of sufficient information to justify a belief therein.

18.

Offshore denies the allegations of Paragraph 18 of the Complaint for lack of sufficient information to justify a belief therein.

19.

Offshore denies the allegations of Paragraph 19 of the Complaint for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 of the Complaint are admitted.

21.

Offshore denies the allegations of Paragraph 21 of the Complaint for lack of sufficient information to justify a belief therein.

22.

Offshore denies the allegations of Paragraph 22 of the Complaint for lack of sufficient information to justify a belief therein.

23.

In response to the allegations of Paragraph 23 of the Complaint, Offshore adopts its answers to the allegations contained in Paragraphs 6 – 18 of the Complaint.

24.

Offshore denies the allegations of Paragraph 24 of the Complaint for lack of sufficient information to justify a belief therein.

25.

The allegations contained in Paragraph 25 of the Complaint are admitted.

26.

In response to the allegations of Paragraph 26 of the Complaint, Offshore adopts its answers to Paragraphs 6 – 18 of the Complaint.

27.

Offshore denies the allegations of Paragraph 27 of the Complaint for lack of sufficient information to justify a belief therein.

28.

Offshore denies the allegations of Paragraph 28 of the Complaint for lack of sufficient information to justify a belief therein.

29.

Offshore denies the allegations of Paragraph 29 of the Complaint for lack of sufficient information to justify a belief therein.

30.

In response to the allegations of Paragraph 30 of the Complaint, Offshore adopts its answers to the allegations contained in Paragraphs 6 – 18 of the Complaint.

31.

Offshore denies the allegations of Paragraph 31 of the Complaint for lack of sufficient information to justify a belief therein.

32.

Offshore denies the allegations of Paragraph 32 of the Complaint for lack of sufficient information to justify a belief therein.

33.

In response to the allegations of Paragraph 33 of the Complaint, Offshore adopts its answers to the allegations contained in Paragraphs 6 – 18 of the Complaint.

34.

The allegations contained in Paragraph 34 of the Complaint are admitted.

35.

Offshore denies the allegations of Paragraph 35 of the Complaint for lack of sufficient information to justify a belief therein.

36.

Offshore denies the allegations of Paragraph 36 of the Complaint for lack of sufficient information to justify a belief therein.

37.

Offshore denies the allegations of Paragraph 37 of the Complaint for lack of sufficient information to justify a belief therein.

38.

Offshore denies the allegations of Paragraph 38 of the Complaint for lack of sufficient information to justify a belief therein.

39.

Offshore denies the allegations of Paragraph 39 of the Complaint for lack of sufficient information to justify a belief therein.

40.

Offshore denies the allegations of Paragraph 40 of the Complaint for lack of sufficient information to justify a belief therein.

41.

The allegations contained in any unnumbered/misnumbered paragraphs of the Complaint are denied, as is the prayer for relief.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff has failed to mitigate its damages.

**WHEREFORE**, defendant, Offshore Specialty Fabricators, Inc., prays that its Answer be deemed good and sufficient and after due proceedings be had, Judgment be entered dismissing the Petition for Damages of plaintiff, Freeport-McMoRan Sulphur, LLC, at plaintiff's cost.

Respectfully submitted,

_____
CHARLES R. TALLEY, T.A. (#12634)
BRADLEY SCHLOTTERER (#~~24211~~) 24211
KAREN K. WATERS (#27320)
**LEMLE & KELLEHER, L.L.P.**
601 Poydras Street
21st Floor
New Orleans, Louisiana  70130-6097
Telephone:  (504) 586-1241
Facsimile:   (504) 584-9142
Attorneys for Offshore Specialty Fabricators, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record, by hand delivery, facsimile, or U. S. mail, postage prepaid and properly addressed, this 7th day of July, 2003

_____