FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 JUL 16 PM 4: 15

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREEPORT-MCMORAN SULPHUR, L.L.C., | * | CIVIL ACTION NO. 03-1496 |
| Plaintiff | * | 03-1496 |
| VERSUS | * | SECTION "A" |
| | * | |
| MIKE MULLEN ENTERGY EQUIPMENT RESOURCE, INC. and OFFSHORE SPECIALTY FABRICATORS, INC. | * | JUDGE |
| Defendants | * | |
| | * | MAGISTRATE 4 |

\* \* \* \* \* \* \* \* \* \*

## ANSWER AND COUNTER-CLAIM OF
## MIKE MULLEN ENERGY EQUIPMENT RESOURCE, INC.

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Mike Mullen Energy Equipment Resource, Inc. (hereinafter "Mullen") and files its Answer and Affirmative Defenses and Counter-Claim in response to the Complaint of Plaintiff, Freeport-McMoRan Sulphur L.L.C. (hereinafter "Freeport"):

### FIRST DEFENSE

Plaintiff's Complaint fails to state a viable claim or cause of action against Mullen for which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were caused by the actions or omissions of the Plaintiff and/or other individuals or entities for when Mullen is not responsible.

### THIRD DEFENSE

This Court lacks jurisdiction over the subject matter.

___ Fee_____
___ Process___
_X_ Dktd_____
___ CtRmDep___
___ Doc. No._10_

1

## FOURTH DEFENSE

This Court lacks jurisdiction over the person of defendant herein.

## FIFTH DEFENSE

Defendant herein contests venue.

## SIXTH DEFENSE

**AND NOW**, answering separately the allegations specifically set forth in the Complaint, Mullen responds as follows:

1.

The allegations of paragraph 1 are denied for lack of sufficient information to justify a belief.

2.

The allegations of paragraph 2 are admitted.

3.

The allegations of paragraph 3 are denied for lack of sufficient information to justify a belief.

4.

The allegations of paragraph 4 are denied.

5.

The allegations of paragraph 5 are denied.

6.

The allegations of Paragraph 6 are denied, except to admit that Freeport and Mullen entered into certain contractual arrangements regarding the purchase and sale of certain rigs and related equipment located on Freeport's Oil and Gas work structures located in Block 299, Main Pass area, in the Gulf of Mexico.

7.

The allegations of Paragraph 7 are denied, except to admit that Freeport and Mullen entered into certain contractual arrangements regarding the purchase and sale of certain rigs and related equipment located on Freeport's Oil and Gas work structures located in Block 299, Main Pass area, in the Gulf of Mexico.

8.

The allegations of paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied, except to admit that Freeport and Mullen entered into certain contractual arrangements regarding the purchase and sale of certain rigs and related equipment located on Freeport's Oil and Gas work structures located in Block 299, Main Pass area, in the Gulf of Mexico.

10.

The allegations of paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied, except to admit that Freeport and Mullen entered into certain contractual arrangements regarding the purchase and sale of certain rigs and related equipment located on Freeport's Oil and Gas work structures located in Block 299, Main Pass area, in the Gulf of Mexico.

12.

The allegations of paragraph 12 are denied.

13.

The allegations of paragraph 13 are denied.

14.

The allegations of paragraph 14 are denied.

15.

The allegations of paragraph 15 are denied.

16.

The allegations of paragraph 16 are denied.

17

The allegations of paragraph 17 are denied.

18.

The allegations of paragraph 18 are denied.

19.

The allegations of paragraph 19 are denied.

20.

The allegations of paragraph 20 are denied.

21.

The allegations of paragraph 21 are denied.

22.

The allegations of paragraph 22 are denied.

23.

The allegations of paragraph 23 are denied.

24.

The allegations of paragraph 24 are denied.

25.

The allegations of paragraph 25 are denied.

26.

The allegations of paragraph 26 are denied.

27.

The allegations of paragraph 27 are denied.

28.

The allegations of paragraph 28 are denied.

29.

The allegations of paragraph 29 are denied.

30.

The allegations of paragraph 30 are denied.

31.

The allegations of paragraph 31 are denied.

32.

The allegations of paragraph 32 are denied.

33.

The allegations of paragraph 33 are denied.

34.

The allegations of paragraph 34 are denied.

35.

The allegations of paragraph 35 are denied.

36.

The allegations of paragraph 36 are denied.

37.

The allegations of paragraph 37 are denied.

38.

The allegations of paragraph 38 are denied.

39.

The allegations of paragraph 39 are denied.

40.

The allegations of paragraph 40 are denied.

41.

The allegations of paragraph 41 are denied.

**COUNTER-CLAIM**

And now, assuming the position of Counter-Claimant, Mullen asserts the following:

1.

Counter-Claim Defendant, Freeport, is a Delaware limited liability company, with its principal place of business in New Orleans, Louisiana.

2.

Pursuant to that certain Bill of Sale for Assets executed by and between Freeport and Mullen, Freeport sold three pieces of equipment that were moved off of the "Power Plant" platform, namely, one 3.5 MW Solar Centaur 50 Gas Turbine Generator, one MW Marathon Diesel Generator, and one Waukesha 700 hp Diesel Engine with associated right angle drive (collectively referred to as "the Power Plant equipment"), which sale of assets was made with a representation of full warranty as to title and free and clear of all liens and encumbrances by Freeport to Mullen.  In return, Mullen paid Freeport Five Hundred Fifty Thousand Dollars ($550,000.00) cash as good and valuable consideration for the Power Plant equipment.

3.

Subsequently, Mullen contracted with Offshore Specialty Fabricators, Inc. ("OSFI") to remove the Power Plant equipment from the power plant platform, pursuant to which terms, Mullen Equipment tendered payment of Fifty-Five Thousand Dollars ($55,000.00) to OSFI and executed a Bill of Sale transferring ownership with full warranty of title obtained from Freeport to the Marathon Diesel Generator from Mullen Equipment to OSFI.  In return, OSFI arranged for the delivery of the MW Solar Centaur 50 Gas Turbine Generator and Waukesha 700 hp Diesel Engine to Mullen.

4.

Starting as early as February, 2003, Freeport unlawfully and intentionally interfered with the uncontroverted contract between OSFI and Mullen regarding the Power Plant equipment by

threatening OSFI and applying economic leverage and coercion to OSFI. Specifically, Freeport demanded that OSFI not honor its contractual obligations owed by OSFI to Mullen Equipment for the transfer of the Power Plant equipment.

5.

As a result of Freeport's unlawful and intentional interference with the contract between OSFI and Mullen, Mullen has sustained consequential damages flowing from Freeport's breach of its contractual undertakings with Mullen, including, but not limited to, the loss of sale of the MW Solar Centaur 50 Gas Turbine Generator for Seven Hundred Thousand Dollars ($700,000.00) to Walters Power International.

6.

Mullen and Freeport have entered into certain other contractual undertakings, including Bills of Sale for certain assets on Production Platform # 1, Control Platform and Production Platform #2 located in Block 299, Main Pass area, in the Gulf of Mexico. Mullen has, in fact, paid considerable sums of money to Freeport to obtain ownership of the assets the subject of the separate Bills of Sale regarding the equipment and assets located on these platforms.

7.

Freeport has breached its contractual obligations owed to Mullen by refusing to honor its contractual undertakings owed to Mullen in allowing of the removal of the assets the subject of the Bills of Sale executed by and between the parties. While Mullen has, in fact, removed certain assets and equipment the subject of the Bills of Sale executed by and between Mullen and Freeport, Freeport has effectively prevented Mullen from removing all of the assets that have been paid for by Mullen and that are clearly set forth on the exhibits attached to the Bills of Sale

executed by and between the parties by placing unreasonable demands on Mullen in removing the assets and/or the failure to approve a reasonable removal plan.

8.

Specifically, Freeport has breached its contractual obligations owed to Mullen by requiring different guidelines and different standards regarding the removal process of the equipment and assets the subject of the Bills of Sale executed by and between the parties that rightfully transferred ownership from Freeport to Mullen with a full warranty of title and free and clear of all liens and encumbrances. Mullen has paid more than adequate compensation to Freeport and demanded that a removal plan be implemented by Freeport for the removal of these assets, all to no avail.

9.

As a result of Freeport's unlawful breach of its contractual obligations owed to Mullen under the Purchase and Sale Agreements and Bills of Sale executed by and between the parties, Mullen has sustained consequential damages regarding loss of sales of the assets and equipment the subject of the Bills of Sale and increased removal costs.

**WHEREFORE**, defendant and counter-claimant, Mike Mullen Energy Equipment Resource, Inc., prays that its Answer be deemed good and sufficient and after due proceedings are had, judgment be entered dismissing the Complaint filed by plaintiff and counter-claim defendant, Freeport McMoRan Sulphur, LLC, at plaintiff's costs, and with prejudice;

Further, defendant and counter-claimant, Mike Mullen Energy Equipment Resource, Inc., prays that its Counter-Claim be deemed good and sufficient and that after due proceedings are had, that there be judgment rendered in favor of Mike Mullen Energy Equipment Resource, Inc., and against plaintiff and counter-claim defendant, Freeport-McMoRan Sulphur, LLC, for all

consequential damages and loss of sales regarding the unlawful, intentional interference and breaches of contract committed by Freeport-McMoRan Sulphur, LLC, plus reasonable attorney's fees and court costs;

Further, defendant and counter-claimant, Mike Mullen Energy Equipment Resource, Inc., prays for all other equitable relief as this court may deem just, necessary and proper.

Respectfully submitted,

KINGSMILL RIESS, L.L.C.

By: _____
Michael R. C. Riess (#2073)
E. Ross Buckley (#3627)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170-3300
Telephone: (504) 581-3300
Attorneys for Mike Mullen
Entergy Equipment Resource, Inc.

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Answer and Counter Claim has this day been served upon all counsel of record below by facsimile transmission, by hand, or by depositing same in the United States mail, postage prepaid and properly addressed this 16 day of July, 2003.

Charles R. Talley, Esq.  
Lemle & Kelleher, L.L.P.  
601 Poydras Street  
Pan American Life Center, 21st Floor  
New Orleans, Louisiana 70130-6097

Jeffrey M. Baudier, Esq.  
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.  
500 Dover Boulevard, Suite 120  
Lafayette, Louisiana 70503

_____

S:\Mike Mullen Energy Equipment Resource - 1036\1036-001 Offshore Specialty Fabrication, Inc\Pleading\ANSWER COUNTER-CLAIM AND CROSS CLAIM.doc