

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 AUG 28  AM 11: 54

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREEPORT-MCMORAN SULPHUR LLC,<br>Plaintiff | * | CIVIL ACTION NO.<br>03-1496 |
| VERSUS | * | SECTION: A |
| MIKE MULLEN ENERGY EQUIPMENT<br>RESOURCE, INC. and OFFSHORE<br>SPECIALTY FABRICATORS, INC.,<br>Defendants | *<br><br><br>* | JUDGE: ZAINEY<br><br><br>MAGISTRATE: ROBEY |

\* \* \* \* \* \* \* \*

## FREEPORT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO COUNTER-CLAIM OF MULLEN

NOW INTO COURT, through undersigned counsel, comes Plaintiff/Counter-Claim Defendant, FREEPORT-MCMORAN SULPHUR LLC ("Freeport"), which files its Answer and Affirmative Defenses in response to the Counter-Claim ("Counter-Claim") of Mike Mullen Energy Equipment Resource, Inc. ("Mullen") as follows;

### FIRST DEFENSE

Mullen's Counter-Claim fails to state a claim or cause of action against Freeport for which relief can be granted.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No. 19

{L0021570.1}                                                    1

## SECOND DEFENSE

Any alleged damages of Mullen, if any, were caused by the actions or omissions of, or breaches of contract by, Mullen and/or other individuals or entities for which Freeport is not responsible.

## THIRD DEFENSE

Mullen's Counter-Claim is barred, in whole or in part, because Mullen has taken actions and/or positions that estop Mullen from asserting its Counter-Claim, or that constitute a waiver of its claims. Further, some or all of Mullen's Counter-Claim may be barred by settlement, payment, release, detrimental reliance, duress, failure of consideration, discharge of obligations and/or the doctrines of *res judicata* and/or accord and satisfaction.

## FOURTH DEFENSE

Freeport denies that it breached any contractual or legal obligation owed to Mullen or that it acted in bad faith with regard to Mullen.

## FIFTH DEFENSE

Freeport pleads the affirmative defense of want of amicable demand.

## SIXTH DEFENSE

Mullen's Counter-Claim is barred, in whole or in part, under the doctrine of unclean hands.

## SEVENTH DEFENSE

In the alternative, Freeport pleads that Mullen, to the extent it suffered any loss or damages as alleged in the Counter-Claim, failed to mitigate same.

## EIGHTH DEFENSE

Freeport pleads all of the allegations in its Complaint, as previously and subsequently amended, which are fully incorporated herein, as a complete bar and defense to Mullen's Counter-Claim.

AND NOW, answering separately the numbered allegations set forth in Mullen's Counter-Claim, Freeport responds as follows:

1.

The allegations of Paragraph 1 of the Counter-Claim are admitted.

2.

The allegations of Paragraph 2 of the Counter-Claim refer to a written document, which is itself the best evidence of its content and effect. Further responding, Freeport admits that it entered into a certain Bill of Sale with Mullen for the purchase of numerous assets, including three pieces of equipment, namely, one 3.5 MW Solar Centaur 50 Gas Turbine Generator, one MW Marathon Diesel Generator and one Waukesha 700 hp Diesel Engine (collectively referred to as "the Power Plant Equipment"). Freeport admits that these three pieces of equipment were removed from Freeport's Power Plant platform; however, this equipment was moved off of Freeport's platform without the prior consent or knowledge of Freeport and in violation of the Purchase and Sale Agreement governing the purchase of the Power Plant Equipment. Freeport specifically denies that "Mullen paid Freeport FIVE HUNDRED FIFTY THOUSAND DOLLARS ($550,000.00) cash as good and valuable consideration for the Power Plant equipment." The Purchase and Sale Agreement and related Bill of Sale for Assets provided for Mullen to pay Freeport One Million Dollars ($1,000,000) and other good and valuable

consideration for numerous assets, of which the Power Plant Equipment was only a small part. No allocation of this purchase price was specifically attributed to the Power Plant Equipment. Additionally, because Mullen failed to fully and properly perform its obligations under the Purchase and Sale Agreement (and related Bill of Sale), Mullen never received proper legal title to the Power Plant Equipment.

3.

The allegations of Paragraph 3 of the Counter-Claim contain legal conclusions that do not require a response by Freeport. To the extent that a response is required, the allegations of Paragraph 3 are denied for lack of sufficient information to form a belief as to the truth thereof. Further answering, because Mullen never received proper legal title to any of the Power Plant Equipment, Mullen was not able to transfer any title to same to OSFI.

4.

The allegations of Paragraph 4 of the Counter-Claim fail to state a claim or cause of action by Mullen against Freeport. Louisiana law does not recognize a claim for unlawful and intentional interference with contract as alleged by Mullen in the Counter-Claim. To the extent that an answer is required, the allegations of Paragraph 4 are denied.

5.

The allegations of Paragraph 5 of the Counter-Claim fail to state a claim or cause of action by Mullen against Freeport. Louisiana law does not recognize a claim for unlawful and intentional interference with contract as alleged by Mullen in the Counter-Claim. To the extent that an answer is required, the allegations of Paragraph 5 are

denied. Further answering, Freeport asserts that any purported sale to Walters Power International was not *bona fide*.

6.

Freeport admits that Freeport and Mullen have entered into certain other contractual undertakings, including Purchase and Sale Agreements and related Bills of Sale for certain assets on Production Platform No. 1, Control Platform and Production Platform No. 2 located in Block 299, Main Pass area, in the Gulf of Mexico, which documents are the best evidence of their content and effect. Freeport also admits that Mullen has paid Freeport certain sums of money in connection with those contracts. The remaining allegations of Paragraph 6 of the Counter- Claim are denied.

7.

The allegations of Paragraph 7 of the Counter-Claim are denied. In fact, Freeport repeatedly urged Mullen to completely and fully perform its contractual obligations, which Mullen refused to do.

8.

The allegations of Paragraph 8 of the Counter-Claim are denied.

9.

The allegations of Paragraph 9 of the Counter-Claim are denied.

10.

In an abundance of caution, the allegations contained in the "WHEREFORE" Paragraph of the Counter-Claim, if any, are denied and Freeport denies that Mullen is entitled to any of the relief requested therein.

WHEREFORE, Plaintiff/Counter-Claim Defendant, FREEPORT MCMORAN SULPHUR LLC prays that its answer and affirmative defenses be deemed good and sufficient, and after due proceedings are had, there be judgment rendered in favor of FREEPORT MCMORAN SULPHUR LLC and against Defendant/Counter-Claim Plaintiff, Mike Mullen Energy Equipment Resource, Inc., dismissing the Counter-Claim with prejudice and at Mullen's costs.

Further, Plaintiff/Counter-Claim Defendant, FREEPORT MCMORAN SUPLHUR LLC prays for all other relief, legal or equitable, as may be just, necessary and proper.

Respectfully submitted,

CARL D. ROSENBLUM (No. 2083) T. A.
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Fax:  (504) 589-8296

and

_____
JEFFREY M. BAUDIER (No. 22250)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
500 Dover Boulevard, Ste. 120
Lafayette, LA 70503
Telephone:  (337) 406- 5610
Fax:  (337) 406-5620

Attorneys for Plaintiff/
Counter-Claim Defendant
Freeport-McMoRan Sulphur LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to Mullen and OSFI's counsel of record by fax and by placing same in the United States mail, postage prepaid, this 27th day of August, 2003.

_____
Jeffrey M. Baudier