

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREEPORT-MCMORAN SULPHUR LLC, <br> Plaintiff | * | CIVIL ACTION NO. <br> 03-1496 |
| VERSUS | * | SECTION: A |
| MIKE MULLEN ENERGY EQUIPMENT <br> RESOURCE, INC. and OFFSHORE <br> SPECIALTY FABRICATORS, INC., | * | JUDGE: ZAINEY |
| Defendants | * | MAGISTRATE: ROBEY |

### FREEPORT-MCMORAN SULPHUR LLC 'S MOTION FOR LEAVE TO FILE SECOND AMENDING AND SUPPLEMENTAL COMPLAINT WITH INCORPORATED MEMORANDUM

NOW INTO COURT, through undersigned counsel, comes Plaintiff, FREEPORT-MCMORAN SULPHUR LLC ("Freeport"), and respectfully moves for leave to file its Second Amending and Supplemental Complaint in this case. The Second Amending and Supplemental Complaint, a copy of which is attached hereto, is necessary to allege additional facts and claims that have been discovered since the filing of the First Amending and Restated Complaint by Freeport.

Pursuant to the Scheduling Order issued by the Court in this matter, the deadline for amendment of pleadings is October 6, 2003; therefore, Freeport's motion to amend is timely filed. Freeport's motion is governed by the standard set forth in Federal Rule of

{N1027164 1}

1

Civil Procedure 15(a), which requires that leave to amend pleadings "shall be freely given." Fed. R. Civ. P. 15(a).

Freeport's amended complaint is not the result of undue delay, bad faith, or dilatory motive and will not cause undue prejudice to defendants. Nor will the amendment cause any delay of this matter.

Pursuant to Local Rule 7.6E, counsel for Freeport contacted counsel for defendants, Mike Mullen Energy Equipment Resource, Inc. ("Mullen") and Offshore Specialty Fabricators, Inc. ("OSFI"), regarding the filing of this amended complaint. Counsel for Mullen and OSFI advised that he could not consent to the filing of this amended complaint to the extent that it raises new breach of contract claims against OSFI beyond those for which he is currently representing OSFI. Accordingly, this motion is submitted as opposed, and a Notice of Hearing is attached hereto setting this motion for hearing on September 24, 2003, the Court's next available hearing date.

**WHEREFORE**, Plaintiff, Freeport-McMoRan Sulphur LLC, respectfully requests that its Motion for Leave to File Second Amending and Supplemental Complaint be granted.

Respectfully submitted,

*/s/ Carl D. Rosenblum*
CARL D. ROSENBLUM (No. 2083) T. A.
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Fax: (504) 589-8296

and

JEFFREY M. BAUDIER (No. 22250)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
500 Dover Boulevard, Ste. 120
Lafayette, LA 70503
Telephone: (337) 406- 5610
Fax: (337) 406-5620

Attorneys for Plaintiff,
Freeport-McMoRan Sulphur LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to counsel for OSFI and Mullen by fax and by placing same in the United States mail, postage prepaid, this 2nd day of September, 2003.

_____
Carl D. Rosenblum

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREEPORT-MCMORAN SULPHUR LLC,<br>　　　　　　Plaintiff | * | CIVIL ACTION NO.<br>03-1496 |
| VERSUS | * | SECTION: A |
| MIKE MULLEN ENERGY EQUIPMENT<br>RESOURCE, INC. and OFFSHORE<br>SPECIALTY FABRICATORS, INC.,<br>　　　　　　Defendants | * | JUDGE: ZAINEY |
| | * | MAGISTRATE: ROBEY |

* * * * * * * *

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the Motion for Leave to File Second Amending and Supplemental Complaint filed by Plaintiff, Freeport-McMoRan Sulphur LLC, is scheduled for hearing at 11:00 a.m. on September 24, 2003, before may judge at the United States District Court for the Eastern District of Louisiana.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　CARL D. ROSENBLUM (No. 2083) T. A.
　　　　　　　　　　　　　　　　　　　　　　　Jones, Walker, Waechter, Poitevent,
　　　　　　　　　　　　　　　　　　　　　　　　Carrère & Denègre, L.L.P.
　　　　　　　　　　　　　　　　　　　　　　　201 St. Charles Avenue, 49th Floor
　　　　　　　　　　　　　　　　　　　　　　　New Orleans, LA 70170
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (504) 582-8000
　　　　　　　　　　　　　　　　　　　　　　　Fax: (504) 589-8296

　　　　　　　　　　　　　　　　　　　　　　　and

{N1027164.1}

1

>JEFFREY M. BAUDIER (No. 22250)
>Jones, Walker, Waechter, Poitevent,
>  Carrère & Denègre, L.L.P.
>500 Dover Boulevard, Ste. 120
>Lafayette, LA 70503
>Telephone: (337) 406- 5610
>Fax: (337) 406-5620
>
>Attorneys for Plaintiff,
>Freeport-McMoRan Sulphur LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to counsel for OSFI and Mullen by fax and by placing same in the United States mail, postage prepaid, this 2nd day of September, 2003.

>_____
>Carl D. Rosenblum

{N1027164.1}

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREEPORT-MCMORAN SULPHUR LLC, Plaintiff | * | CIVIL ACTION NO. 03-1496 |
| VERSUS | * | SECTION: A |
| MIKE MULLEN ENERGY EQUIPMENT RESOURCE, INC. and OFFSHORE SPECIALTY FABRICATORS, INC., Defendants | * * | JUDGE: ZAINEY MAGISTRATE: ROBEY |

\* \* \* \* \* \* \* \*

### FREEPORT-MCMORAN SULPHUR LLC'S
### SECOND AMENDING AND SUPPLEMENTAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, FREEPORT-MCMORAN SULPHUR LLC ("Freeport"), which amends and supplements its original complaint, as amended and restated by its First Amending and Restated Complaint, as follows:

1.

**New paragraphs 16(a) through 16(g) are added as follows:**

16(a).

On or around March 28, 2002, Freeport and OSFI entered into a certain Turnkey Contract for the Removal, Site Clearance and Scrapping of Main Pass Block 299

{N1026946.1}    1

("Turnkey Contract"). With regard to the work to be performed by OSFI under the Turnkey Contract, Article 1 of the contract provides, in pertinent part, as follows:

> CONTRACTOR shall perform the WORK in two phases. In Phase 1, CONTRACTOR shall remove any and all facilities located on the Sulphur Lease, except Production Platform No.1, Production Platform No.2, Bridge 10, Bridge 11, Bridge 12, Bridge 13, the BS-8 Facility, the BS-9 Facility, the Y-7 Facility, the BS-2 Facility, the Storage and Loading Facility, and the Control Platform (the "Phase 2 Facilities"). The facilities to be removed during Phase 1 are shown on Exhibit A and are referred to as "Phase 1 Facilities".

16(b).

With regard to the completion of Phase 1 work under the WORK SCHEDULE, Article 7 of the Turnkey Contract provides, in pertinent part, as follows:

> The Work schedule shall be as set out by OSFI, provided that the Work must be commenced within 30 days following completion of reclamation of the Caminada Mine and approval by the MMS Phase 1 must be completed as soon as practicable but not later than 12 months after final government permitting and/or delays from COMPANY or COMPANY's subcontractors or any shorter time frame as may be practicable and stipulated by the MMS.

16(c).

With regard to the term of the Turnkey Contract, Article 2 ("PERIOD OF CONTRACT") provides as follows:

> The Contract shall commence on a date to be mutually agreed by the Parties and continue until the Work is completed and COMPANY has inspected and accepted the Work or CONTRACTOR is instructed to cease by COMPANY, which instruction may be given at any time when CONTRACTOR has failed to remedy a default under this Contract within five (5) days following COMPANY's written notice to CONTRACTOR advising of the default.

16(d).

Further regarding DEFAULT AND TERMINATION under the Turnkey Contract, Article 22 provides, in pertinent part, as follows:

> If CONTRACTOR or any subcontractor materially breaches any provision hereof . . ., COMPANY shall have the right (in addition to any other rights or remedies it may have) to terminate this Contract by giving CONTRACTOR written notice; whereupon COMPANY shall be relieved of all further obligations hereunder, except to pay the reasonable value of CONTRACTOR's prior performance; and CONTRACTOR shall be liable to COMPANY for all costs incurred by COMPANY in affecting completion of performance in excess of the Compensation hereunder. COMPANY shall be entitled to offset the amount of its payment obligation as described above against the reasonably anticipated amount of the costs for which CONTRACTOR is liable as described above. COMPANY's obligations hereunder shall not be affected by any previous waiver, forbearance or course of dealing.  Time is of the essence hereof.

16(e).

The Turnkey Contract provides for OSFI to receive, as full compensation for the performance of the Work under the contract, Freeport's right, title and interest in and to certain assets described in Article 3 of the Turnkey Contract. OSFI also became entitled to receive certain contingent payments from the Main Pass Trust Account if, and only if, Freeport received proceeds as a result of contemplated sale transactions with Chevron U.S.A and Canadian Crude Separators, as set forth in Article 4 of the Turnkey Contract.

16(f)

Notwithstanding that Freeport's transactions with Chevron U.S.A. and Canadian Crude Separators never closed, OSFI received $10,450,000.00 from Freeport.

16(g).

OSFI failed to complete the Phase 1 reclamation within the time provided in the Turnkey Contract.

2.

**By adding new Paragraphs 27(a) and (b) as follows:**

27(a).

By letter dated August 6, 2003, Freeport provided OSFI with a formal notice of default (the "Notice") under the Turnkey Contract with respect to the Phase 1 reclamation. In the Notice, Freeport advised OSFI that, among other defaults, OSFI's failure to timely complete the Phase 1 reclamation and OSFI's preventing Freeport from retaining the Power Plant Equipment by turning same over to Mullen constitute material breaches of the Turnkey Contract. The Notice further advised that unless these defaults were cured by OSFI within five days, the Turnkey Contract shall terminate as provided in Article 2 thereof.

27(b).

OSFI failed to cure its defaults of the Turnkey Contract within five days of its receipt of the Notice. In fact, OSFI advised Freeport by letter dated August 7, 2003 that OSFI disputed all allegations and statements made by Freeport in the Notice.

3.

**By adding a new Count IV against OSFI in new Paragraphs 67 through 71 as follows:**

{N1026946 1}    4

## Count IV.  Breach of Contract

67.

Freeport incorporates by reference the allegations contained in Paragraphs 6 through 27(b) hereof.

68.

OSFI's failure to timely complete the Phase 1 reclamation and OSFI's preventing Freeport from retaining the Power Plant Equipment by turning same over to Mullen constitute material breaches of the Turnkey Contract.

69.

As a result of OSFI's failure to cure its defaults under the Turnkey Contract, the contract terminated.  Further, Freeport is only responsible to OSFI for the reasonable value of OSFI's performance of the Phase 1 Work prior to termination, and is relieved of any further obligations under the Turnkey Contract.

70.

Further, because Freeport's transactions with Chevron U.S.A. and Canadian Crude Separators never closed, Freeport is entitled to a refund of the $10,450,000.00 (plus interest until repaid) paid by Freeport to OSFI.

71.

Further, OSFI is liable to Freeport for all other damages sustained by Freeport as a result of OSFI's breaches of the Turnkey Contract.

**4.**

**By amending item 14 and adding new items 15 through 17 to Freeport's prayer for relief as follows:**

14) Enter a judgment in favor of Freeport and Against OSFI as a result of OSFI's breaches of the Turnkey Contract and further finding that Freeport is only responsible to OSFI for the reasonable value of OSFI's performance of the Phase 1 Work prior to termination, and is relieved of any further obligations under the Turnkey Contract.

15) Further, enter a judgment in favor of Freeport and Against OSFI, ordering OSFI to refund to Freeport the $10,450,000.00 (plus interest until repaid) paid by Freeport to OSFI, because Freeport's transactions with Chevron U.S.A. and Canadian Crude Separators never closed.

16) Further, enter a judgment in favor of Freeport and Against OSFI, awarding Freeport all other damages sustained by Freeport as a result of OSFI's breaches of the Turnkey Contract.

17) For all other just and equitable relief deemed appropriate.

5.

**Except as amended herein, Freeport incorporates by reference, as if fully restated herein, the entirety of Freeport's original complaint, as amended and restated by its First Amending and Restated Complaint.**

Respectfully submitted,

_____
CARL D. ROSENBLUM (No. 2083) T. A.
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Fax: (504) 589-8296

and

JEFFREY M. BAUDIER (No. 22250)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
500 Dover Boulevard, Ste. 120
Lafayette, LA 70503
Telephone: (337) 406- 5610
Fax: (337) 406-5620

Attorneys for Plaintiff,
Freeport-McMoRan Sulphur LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been forwarded to counsel for OSFI and Mullen by placing same in the U.S. Mail, postage prepaid and properly addressed.

New Orleans, Louisiana this 2nd day of September, 2003.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREEPORT-MCMORAN SULPHUR LLC, <br> Plaintiff | * | CIVIL ACTION NO. <br> 03-1496 |
| VERSUS | * | SECTION: A |
| MIKE MULLEN ENERGY EQUIPMENT <br> RESOURCE, INC. and OFFSHORE <br> SPECIALTY FABRICATORS, INC., <br> Defendants | * <br><br><br> * | JUDGE: ZAINEY <br><br><br> MAGISTRATE: ROBEY |

\* \* \* \* \* \* \* \*

## ORDER

Considering the foregoing Motion for Leave to File Second Amending and Supplemental Complaint,

**IT IS ORDERED** that Plaintiff, Freeport-McMoRan Sulphur LLC, is hereby GRANTED leave to file its Second Amending and Supplemental Complaint and that the Second Amending and Supplemental Complaint be filed into the record of this matter.

New Orleans, Louisiana, this _____ day of September, 2003.

_____
UNITED STATES DISTRICT JUDGE

{N1027164 1}

3