FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 SEP 29   AM 9: 20

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

FREEPORT-MCMORAN SULPHUR, L.L.C.,    \*     CIVIL ACTION NO. 03-1496
    Plaintiff

                      \*

VERSUS                           SECTION "A"

                      \*

MIKE MULLEN ENTERGY EQUIPMENT
RESOURCE, INC. and OFFSHORE      \*     JUDGE
SPECIALTY FABRICATORS, INC.
    Defendants                  \*

                                       MAGISTRATE 4

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MULLEN'S ANSWER TO PLAINTIFF'S FIRST AND SECOND AMENDING AND SUPPLEMENTAL COMPLAINTS

    **NOW INTO COURT,** through undersigned counsel, comes Defendant, Mike Mullen

Energy Equipment Resource, Inc. (hereinafter "Mullen" or "defendant") and files its Answer and

Affirmative Defenses in response to the First Amended and Restated Complaint and the Second

Amending and Supplemental Complaint (collectively referred to as "the Complaints") filed on

behalf of plaintiff, Freeport-McMoRan Sulphur L.L.C. (hereinafter "Freeport"):

### FIRST DEFENSE

    Plaintiff's Complaints fail to state a viable claim or cause of action against Mullen for

which relief can be granted.

### SECOND DEFENSE

    Plaintiff's alleged damages, if any, were caused by the actions or omissions of the

Plaintiff and/or other individuals or entities for whom or which Mullen is not responsible.

### THIRD DEFENSE

    Plaintiff has failed to mitigate its damages, if any.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No._____

1

## FOURTH DEFENSE

**AND NOW**, answering separately the allegations specifically set forth in the Complaints, Mullen responds as follows:

1.

The allegations of paragraph 1 of the Complaints are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of paragraph 2 of the Complaints are admitted.

3.

The allegations of paragraph 3of the Complaints are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of paragraph 4 of the Complaints are admitted.

5.

The allegations of paragraph 5 of the Complaints are admitted.

6.

The allegations of Paragraph 6 of the Complaints are denied, except to admit that Freeport and Mullen entered into certain contractual arrangements regarding the purchase and sale of certain rigs and related equipment located on Freeport's Oil and Gas work structures located in Block 299, Main Pass area, in the Gulf of Mexico.  The contract itself is the best evidence of its contents.

2

7.

The allegations of Paragraph 7 of the Complaints are denied, except to admit that Freeport and Mullen entered into certain contractual arrangements regarding the purchase and sale of certain rigs and related equipment located on Freeport's Oil and Gas work structures located in Block 299, Main Pass area, in the Gulf of Mexico. The contract itself is the best evidence of its contents.

8.

The allegations of paragraph 8 of the Complaints are denied, except to admit that Freeport and Mullen entered into certain contractual arrangements regarding the purchase and sale of certain rigs and related equipment located on Freeport's Oil and Gas work structures located in Block 299, Main Pass area, in the Gulf of Mexico. The contract itself is the best evidence of its contents.

9.

The allegations of Paragraph 9 of the Complaints are denied, except to admit that Freeport and Mullen entered into certain contractual arrangements regarding the purchase and sale of certain rigs and related equipment located on Freeport's Oil and Gas work structures located in Block 299, Main Pass area, in the Gulf of Mexico. The contract itself is the best evidence of its contents.

10.

The allegations of paragraph 10 of the Complaints are denied, except to admit that Freeport and Mullen entered into certain contractual arrangements regarding the purchase and sale of certain rigs and related equipment located on Freeport's Oil and Gas work structures

located in Block 299, Main Pass area, in the Gulf of Mexico.  The contract itself is the best evidence of its contents.

11.

The allegations of Paragraph 11 of the Complaints are denied, except to admit that Freeport and Mullen entered into certain contractual arrangements regarding the purchase and sale of certain rigs and related equipment located on Freeport's Oil and Gas work structures located in Block 299, Main Pass area, in the Gulf of Mexico.  The contract itself is the best evidence of its contents.

12.

The allegations of paragraph 12 of the Complaints are denied, except to admit that Freeport and Mullen entered into certain contractual arrangements regarding the purchase and sale of certain rigs and related equipment located on Freeport's Oil and Gas work structures located in Block 299, Main Pass area, in the Gulf of Mexico.  The contract itself is the best evidence of its contents.

13.

The allegations of paragraph 13 of the Complaints are denied.

14.

The allegations of paragraph 14 of the Complaints are denied.

15.

The allegations of paragraph 15 of the Complaints are denied.

16.

The allegations of paragraph 16 of the Complaints are denied.

4

17.

Mullen denies the allegations of paragraphs 16(a) through 16(g) of the Second

Amending and Supplemental Complaint are denied for lack of sufficient information to justify a

belief therein.

18.

As to the allegations contained in paragraph 17 of the Complaints, defendant admits that

Mullen contracted with Offshore Specialty Fabricators, Inc. ("OSFI") to remove the Power Plant

equipment from the power plant platform, pursuant to which terms, Mullen Equipment tendered

payment of Fifty-Five Thousand Dollars ($55,000.00) to OSFI and executed a Bill of Sale

transferring ownership with full warranty of title obtained from Freeport to the Marathon Diesel

Generator from Mullen Equipment to OSFI.  In return, OSFI arranged for the delivery of the

MW Solar Centaur 50 Gas Turbine Generator and Waukesha 700 hp Diesel Engine to Mullen.

Mullen denies the remaining allegations contained in paragraph 17.  Mullen denies the remaining

allegations contained in paragraph 18 of the Complaints.

19.

The allegations of paragraph 18 of the Complaints are denied.

20.

The allegations of paragraph 19 of the Complaints are admitted.

21.

The allegations of paragraph 20 of the Complaints are denied.

22.

The allegations contained in paragraph 21 of the Complaints are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in paragraph 22 of the Complaints are denied, except to admit that OSFI apparently sent a letter to counsel for Freeport and Mullen, which letter is the best evidence of its contents.

24.

The allegations of paragraph 23 of the Complaints are denied, except to admit that OSFI filed a Complaint bearing Civil Action Number 03-1664, which is the best evidence of its contents.

25.

The allegations of paragraph 24 of the Complaints are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of paragraph 25 of the Complaints are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of paragraph 26 of the Complaints are denied for lack of sufficient information to justify a belief therein.

6

28.

The allegations of paragraph 27 of the Complaints are denied, except to admit that OSFI moved to dismiss its Complaint under Civil Action No. 03-1664, on or about July 10. 2003, and the Court granted OSFI's motion, dismissing the action on or about July 11, 2003.

29.

The allegations contained in paragraphs 27(a) and (b) of the Second Amending and Supplemental Complaint are denied for lack of sufficient information to justify a belief therein

30.

The allegations of paragraph 28 of the Complaints are denied.

31.

The allegations of paragraph 29 of the Complaints are denied.

32.

The allegations of paragraph 30 of the Complaints are denied.

33.

The allegations of paragraph 31 of the Complaints are denied.

34.

The allegations of paragraph 32 of the Complaints are denied.

35.

The allegations of paragraph 33 of the Complaints are denied.

36.

The allegations of paragraph 34 of the Complaints are denied.

37.

The allegations of paragraph 35 of the Complaints are denied.

38.

The allegations of paragraph 36 of the Complaints are denied.

39.

The allegations of paragraph 37 of the Complaints are denied.

40.

The allegations of paragraph 38 of the Complaints are denied.

41.

The allegations of paragraph 39 of the Complaints are denied.

42.

The allegations of paragraph 40 of the Complaints are denied.

43.

The allegations of paragraph 41 of the Complaints are denied.

44.

The allegations of paragraph 42 of the Complaints are denied.

45.

The allegations of paragraph 43 of the Complaints are denied.

46.

The allegations of paragraph 44 of the Complaints are denied.

47.

The allegations of paragraph 45 of the Complaints are denied.

48.

The allegations of paragraph 46 of the Complaints are denied.

49.

The allegations of paragraph 47 of the Complaints are denied.

50.

The allegations of paragraph 48 of the Complaints are denied.

51.

The allegations of paragraph 49 of the Complaints are denied.

52.

The allegations of paragraph 50 of the Complaints are denied.

53.

The allegations of paragraph 51 of the Complaints are denied.

54.

The allegations of paragraph 52 of the Complaints are denied.

55.

The allegations of paragraph 53 of the Complaints are denied.

56.

The allegations of paragraph 54 of the Complaints are denied.

57.

The allegations of paragraph 55 of the Complaints are denied.

58.

The allegations of paragraph 56 of the Complaints are denied.

59.

The allegations of paragraph 57 of the Complaints are denied.

60.

The allegations of paragraph 58 of the Complaints are denied.

61.

The allegations of paragraph 59 of the Complaints are denied.

62.

The allegations of paragraph 60 of the Complaints are denied.

63.

The allegations of paragraph 61 of the Complaints are denied.

64.

The allegations of paragraph 62 of the Complaints are denied.

65.

The allegations of paragraph 63 of the Complaints are denied.

66.

The allegations of paragraph 64 of the Complaints are denied.

67.

The allegations of paragraph 65 of the Complaints are denied.

68.

The allegations of paragraph 66 of the Complaints are denied.

69.

The allegations of paragraphs 67 through 71 of the Second Amending and Supplemental Complaint are denied.

70.

Mullen denies the allegations of the Prayers included in Freeport's Complaints.

**WHEREFORE**, defendant and counter-claimant, Mike Mullen Energy Equipment Resource, Inc., re-alleges all of the allegations contained in its original Answer and Counter-Claim, including the Prayer therein, and prays that this Answer be deemed good and sufficient and after due proceedings are had, judgment be entered dismissing the Complaints filed by plaintiff and counter-claim defendant, Freeport McMoRan Sulphur, LLC, at Freeport's costs, and with prejudice;

Further, defendant and counter-claimant, Mike Mullen Energy Equipment Resource, Inc., prays that its Counter-Claim be deemed good and sufficient and that after due proceedings are had, that there be judgment rendered in favor of Mike Mullen Energy Equipment Resource, Inc., and against plaintiff and counter-claim defendant, Freeport-McMoRan Sulphur, LLC, for all consequential damages and loss of sales regarding the unlawful, intentional interference and breaches of contract committed by Freeport-McMoRan Sulphur, LLC, plus reasonable attorney's fees and court costs;

Further, defendant and counter-claimant, Mike Mullen Energy Equipment Resource, Inc., prays for all other equitable relief as this court may deem just, necessary and proper.

11

Respectfully submitted,

KINGSMILL RIESS, L.L.C.

By: _____

Michael R. C. Riess (#2073)
E. Ross Buckley (#3627)
Thomas P. Henican (#19292)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana  70170-3300
Telephone:  (504) 581-3300
Attorneys for Mike Mullen
Entergy Equipment Resource, Inc.


## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Answer To Plaintiff's First and
Second Amending and Supplemental Complaints has this day been served upon the counsel of
record identified below by facsimile transmission, by hand, or by depositing same in the United
States mail, postage prepaid and properly addressed this 29th day of September, 2003.

Charles R. Talley, Esq.                    Jeffrey M. Baudier, Esq.
Lemle & Kelleher, L.L.P.                   Jones, Walker, Waechter, Poitevent,
601 Poydras Street                          Carrere & Denegre, L.L.P.
Pan American Life Center, 21st Floor       500 Dover Boulevard, Suite 120
New Orleans, Louisiana 70130-6097          Lafayette, Louisiana 70503

_____

12