FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 SEP 29  AM II: 31

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FREEPORT-MCMORAN SULPHUR, L.L.C.,** | * | **CIVIL ACTION NO. 03-1496** |
| **Plaintiff** | | |
| | * | |
| **VERSUS** | | **SECTION "A"** |
| | * | |
| **MIKE MULLEN ENERGY EQUIPMENT** | | |
| **RESOURCE, INC. and OFFSHORE** | * | **JUDGE** |
| **SPECIALTY FABRICATORS, INC.** | | |
| **Defendants** | * | |
| | | **MAGISTRATE 4** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## OFFSHORE SPECIALTY FABRICATORS, INC.'s  ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED AND RESTATED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Offshore Specialty Services Fabricators, Inc. ("OSFI" or "defendant") and files its Answer and Affirmative Defenses in response to the First Amended and Restated Complaint ("Complaint") filed on behalf of plaintiff, Freeport-McMoRan Sulphur L.L.C. (hereinafter "Freeport" or "plaintiff"):

### FIRST DEFENSE

Plaintiff's Complaint fails to state a viable claim or cause of action against OSFI for which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were caused by the actions or omissions of the Plaintiff and/or other individuals or entities for whom or which OSFI is not responsible.

### THIRD DEFENSE

Plaintiff has failed to mitigate its damages.

Fee_____
Process_____
X /Dktd_____
✓ CtRmDep_____
___ Doc. No. 29

1

## FOURTH DEFENSE

**AND NOW**, answering separately the allegations specifically set forth in the Complaint, OSFI responds as follows:

1.

The allegations of paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of paragraph 3 of the Complaint are admitted.

4.

The allegations of paragraph 4 of the Complaint are admitted.

5.

The allegations of paragraph 5 of the Complaint are admitted.

6.

The allegations of Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3

15.

The allegations of paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

As to the allegations contained in paragraph 17 of the Complaint, defendant admits that Mike Mullen Energy Equipment Resource, Inc. ("Mullen") contracted with OSFI with respect to OSFI's removal of certain equipment from the power plant platform.  The agreement itself is the best evidence of its contents.  OSFI denies the remaining allegations contained in paragraph 17.

18.

OSFI denies the allegations contained in paragraph 18 of the Complaint.

19.

The allegations of paragraph 19 of the Complaint are admitted.

20.

The allegations of paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

In response to the allegations contained in paragraph 22 of the Complaint, OSFI admits that on or about June 11, 2003, its counsel sent a letter to counsel for Mullen and Freeport. The letter itself is the best evidence of its contents. The remaining allegations contained in paragraph 22 are denied.

23.

The allegations of paragraph 23 of the Complaint are denied, except to admit that OSFI filed a Complaint bearing Civil Action Number 03-1664, which is the best evidence of its contents.

24.

The allegations of paragraph 24 of the Complaint are denied.for lack of sufficient information to justify a belief therein.

25.

The allegations of paragraph 25 of the Complaint are denied.

26.

The allegations of paragraph 26 of the Complaint are denied.

27.

The allegations of paragraph 27 of the Complaint are denied, except to admit that OSFI moved to dismiss its Complaint under Civil Action No. 03-1664, on or about July 10. 2003, and the Court granted OSFI's motion, dismissing the action on or about July 11, 2003.

28.

The allegations contained in paragraphs 28 are denied.

5

29.

The allegations of paragraph 29 of the Complaint are denied.

30.

The allegations of paragraph 30 of the Complaint are denied.

31.

The allegations of paragraph 31 of the Complaint are denied.

32.

The allegations of paragraph 32 of the Complaint are denied.

33.

The allegations of paragraph 33 of the Complaint are denied.

34.

The allegations of paragraph 34 of the Complaint are denied.

35.

The allegations of paragraph 35 of the Complaint are denied.

36.

The allegations of paragraph 36 of the Complaint are denied.

37.

The allegations of paragraph 37 of the Complaint are denied.

38.

The allegations of paragraph 38 of the Complaint are denied.

39.

The allegations of paragraph 39 of the Complaint are denied.

40.

The allegations of paragraph 40 of the Complaint are denied.

41.

The allegations of paragraph 41 of the Complaint are denied.

42.

The allegations of paragraph 42 of the Complaint are denied.

43.

The allegations of paragraph 43 of the Complaint are denied.

44.

The allegations of paragraph 44 of the Complaint are denied.

45.

The allegations of paragraph 45 of the Complaint are denied.

46.

The allegations of paragraph 46 of the Complaint are denied.

47.

The allegations of paragraph 47 of the Complaint are denied.

48.

The allegations of paragraph 48 of the Complaint are denied.

49.

The allegations of paragraph 49 of the Complaint are denied.

50.

The allegations of paragraph 50 of the Complaint are denied.

51.

The allegations of paragraph 51 of the Complaint are denied.

52.

The allegations of paragraph 52 of the Complaint are denied.

53.

The allegations of paragraph 53 of the Complaint are denied.

54.

The allegations of paragraph 54 of the Complaint are denied.

55.

The allegations of paragraph 55 of the Complaint are denied.

56.

The allegations of paragraph 56 of the Complaint are denied.

57.

The allegations of paragraph 57 of the Complaint are denied.

58.

The allegations of paragraph 58 of the Complaint are denied.

59.

The allegations of paragraph 59 of the Complaint are denied.

60.

The allegations of paragraph 60 of the Complaint are denied.

61.

The allegations of paragraph 61 of the Complaint are denied.

62.

The allegations of paragraph 62 of the Complaint are denied.

63.

The allegations of paragraph 63 of the Complaint are denied.

64.

The allegations of paragraph 64 of the Complaint are denied.

65.

The allegations of paragraph 65 of the Complaint are denied.

66.

The allegations of paragraph 66 of the Complaint are denied.

67.

OSFI  denies the allegations of the Freeport's Prayer.


**WHEREFORE**, defendant, Offshore Specialty Fabricators, Inc., re-alleges all of the

allegations contained in its original Answer , including the Prayer therein, and prays that this

Answer and Defenses to Plaintiff's First Amended and Restated Complaint be deemed good and

sufficient and after due proceedings are had, judgment be entered dismissing the Complaint of

plaintiff, Freeport McMoRan Sulphur, LLC, with prejudice and at plaintiff's cost.

Defendant further prays for all other equitable relief as this court may deem just,

necessary and proper.

9

Respectfully submitted,

KINGSMILL RIESS, L.L.C.

By: _____
Michael R. C. Riess (#2073)
E. Ross Buckley (#3627)
Thomas P. Henican (#19292)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170-3300
Telephone: (504) 581-3300
Attorneys for Mike Mullen
Energy Equipment Resource, Inc. and
Offshore Specialty Fabricators, Inc. (as to certain of the claims herein)

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Answer and Affirmative Defenses To Plaintiff's First Amended and Restated Complaint this day been served upon the counsel of identified record below by facsimile transmission, by hand, or by depositing same in the United States mail, postage prepaid and properly addressed this 29th day of September , 2003.

Charles R. Talley, Esq.
Lemle & Kelleher, L.L.P.
601 Poydras Street
Pan American Life Center, 21st Floor
New Orleans, Louisiana 70130-6097

Jeffrey M. Baudier, Esq.
Jones, Walker, Waechter, Poitevent,
 Carrere & Denegre, L.L.P.
500 Dover Boulevard, Suite 120
Lafayette, Louisiana 70503

_____